

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | | |
|---|---|---|
| GREGORY SCOTT JOHNSON,<br>  Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. W-09-CA-107 |
| ARKEMA, INC.,<br>  Defendant. | §<br>§<br>§ | |

### ORDER

This diversity action arises out of Plaintiff's claim that he was injured as a result of exposure to a product manufactured, designed and marketed by Defendant. Defendant has moved for summary judgment, and Plaintiff has moved for partial summary judgment. Having reviewed the parties' briefs and the summary judgment evidence presented, the Court is persuaded that Defendant's motion should be granted.

Many of the underlying facts are not disputed. Plaintiff, who was an employee of Owens-Illinois, Inc. glass bottle manufacturing plant, claims he was exposed to monobutyltin trichloride ("MBTC") and hydrochloric acid ("HCL"). MBTC is an organometallic compound based on tin, the ingredient in Certincoat TC-100 ("Certincoat"), which is sprayed on glass bottles to strengthen and improve them. The Certincoat is sprayed through a C-4 Hood, which is also manufactured, designed, and marketed by Defendant. Under the elevated temperatures of the C-4 Hoods, MBTC vaporizes and then decomposes when it contacts the glass bottles

and the hood. HCL is a decomposition by-product of MBTC. Plaintiff asserts that he suffered physical injuries after working near the C-4 Hood on two occasions. Plaintiff was ultimately diagnosed with restrictive lung disease with a loss of approximately 60% of his lung capacity. He further asserts that he has interstitial lung disease over approximately 50% of his lungs.

Each party filed a motion to exclude the other's expert testimony. The motions were referred to Magistrate Judge Jeffrey C. Manske, who recommended that Defendant's motion to exclude the testimony of Richard B. Schlesinger be granted, that Defendant's motion to exclude the testimony of Charles J. Grodzin be partially granted, and that Plaintiff's motion to exclude the testimony of Dr. Robert Aris be partially granted. After considering the parties' voluminous objections and conducting a *de novo* review, the Court adopted Judge Manske's findings and recommendations. The decision is dispositive of Plaintiff's claims.

Without the causation testimony of Drs. Schlesinger and Grodzin, Plaintiff has no evidence that any lung injury he suffered is a result of exposure to MBTC and/or HCL. Without such testimony, he cannot prove the causation necessary to support a claim under Texas law and cannot withstand summary judgment. *See Wells v. Smithkline Beecham Corp.*, 601 F.3d 375 (5th Cir. 2010). The only thing presented with the summary judgment material which was not presented to Magistrate Judge Manske is Plaintiff's evidence that other Owens employees suffered lung injuries similar to his. However, an inspection of this evidence fails to reveal a single

employee who has suffered a permanent, or chronic, lung injury after exposure to Arkema's chemicals. While other employees may have been exposed to the same chemicals, they suffered only transitory symptoms which quickly resolved.

In light of the Order adopting the Magistrate Judge's findings and recommendations, both of which the Court adopts in its ruling upon the motions for summary judgment, it is

**ORDERED** that Defendant's Motion for Summary Judgment is **GRANTED**. As a result, It is further

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **DENIED** as moot. It is further

**ORDERED** that any additional motions not previously ruled upon by the Court or the Magistrate Judge are **DENIED**.

**SIGNED** this 26* day of January, 2011.

_____
WALTER S. SMITH, JR.
United States District Judge